ALPINE COUNTRY CLUB, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. C 83–72.

United States District Court,
D. Utah, C. D.

Jan. 8, 1973.

J. Jay Bullock, Salt Lake City, Utah, for plaintiff.

C. Nelson Day, U. S. Atty., Salt Lake City, Utah, Stephen J. Swift, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER IN LIEU OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALDON J. ANDERSON, District Judge.

The above-entitled matter came on before the court for pretrial on October 10, 1972. Plaintiff was represented by J. Jay Bullock, Attorney, and defendant was represented by C. Nelson Day, United States Attorney for the District of Utah, and Stephen J. Swift, Attorney, Department of Justice, Washington, D. C. The parties stipulated that the matter might be submitted on cross motions for summary judgment with supporting briefs. Said briefs having been filed and reply briefs in response thereto, and the court deeming itself advised in the matter, enters the following memorandum opinion and order.

### FACTS

From the executed pretrial order it appears that the essential facts necessary for disposition of the matter at hand have been agreed to. From said pretrial order the court finds the following:

1. Plaintiff was incorporated in July of 1958 to develop and operate a golf and country club.

2. Section 4241 of the Internal Revenue Code of 1954, as amended, imposed a twenty percent excise tax on the club membership fees, dues and other assessments plaintiff made against and collected from its club members during the years 1958 through June 30, 1962.

3. Plaintiff, under Section 4291 of the Internal Revenue Code of 1954, as

amended, was the person required to collect from its members the excise taxes which were due on the club membership fees, dues and assessments collected from its members.

4. However, from July 1958 through June 30, 1962, plaintiff did not assess or collect, as such, the aforementioned excise taxes from its club members, nor did it file the federal excise tax returns. Also, during this period plaintiff did not remit any amount to the defendant in payment of the excise taxes which were due (Form 720).

5. From the beginning of July, 1962, through June 30, 1965, plaintiff did assess and collect the federal excise taxes, as such, from its members and all federal excise tax returns were filed and the excise taxes shown to be due thereon were paid to defendant.

6. The total amount of money the management of plaintiff collected as dues, fees and other membership assessments during the period from July, 1958, through June, 1962, on which the excise taxes were not collected, as such, by the management of plaintiff was $331,078.60.

7. Prior to July, 1962, plaintiff did not maintain an account on its books and records for federal excise taxes due on club membership fees, dues and assessments.

8. At no time prior to July, 1962, did plaintiff assess against its members a separate amount of money designated as federal excise taxes due on the membership fees, dues and other membership assessments.

9. Upon audit a deficiency assessment was made against plaintiff by defendant in the amount of $66,215.72 for the unpaid federal excise taxes determined to be due for the period July, 1958, through June 30, 1962.

10. The excise tax assessment referred to in paragraph 9 was computed on the basis that the entire $331,078.60 collected by plaintiff represented dues, fees and other assessments pertaining to club activities and that no portion thereof represented a collection from the members of federal excise taxes. Accordingly, defendant applied the twenty percent excise tax rate against the entire $331,078.60.

11. The individual members of plaintiff could have paid directly to the Internal Revenue Service the entire amount of excise taxes determined to be due on their respective membership dues, fees and other membership assessments, as some of the members did.

12. Individual members of plaintiff paid directly to the Internal Revenue Service $20,965.28 in excise taxes which represented the excise taxes determined to be due on $104,826.40 of the total $331,078.60 membership fees, dues and other assessments collected by plaintiff.

13. The excise taxes on the balance of the membership fees, dues and other membership assessments in the amount of $226,252.20 ($331,078.60 minus $104,826.40 = $226,252.20) on which the excise taxes were not paid by individual members, were paid by plaintiff. Accordingly, plaintiff paid the $45,250.44 which defendant determined to be due on the $226,252.20.

14. Upon payment of the $45,250.44 referred to in paragraph 13, plaintiff timely filed a claim for refund on February 11, 1972, for $10,986.73 which was disallowed by the defendant on March 9, 1972, and plaintiff timely instituted this action on March 20, 1972. Although plaintiff's claim for refund was in the amount of $10,986.73, as referred to above, the amount which plaintiff would be entitled to recover in this action if it prevails will be $7,541.74, plus statutory interest. The $7,541.74 claimed by plaintiff represents the difference between the 20% of $226,252.20 (i. e. $45,250.44) and 20% of $18,543.50 (i. e. $37,708.70).

### STATUTES

The key statutes involved are as follows:

Internal Revenue Code of 1954 (26 U. S.C.):

SEC. 4241. *Imposition of Tax.*

(a) Rate.—There is hereby imposed—

(1) *Dues or membership fees.* — A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year.

SEC. 4242. *Definitions.*

(a) *Dues.*—As used in this part the term "dues" includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; * * *

SEC. 4291 [as amended by Sec. 4(c), Act of July 25, 1956, c. 725, 70 Stat. 644, and Sec. 131(g), Excise Tax Technical Changes Act of 1958, P. L. 85–859, 72 Stat. 1275]. Cases where persons receiving payment must collect tax.

Except as otherwise provided in sections 4231 and 4264(a), every person receiving any payment for facilities or services on which a tax is imposed upon the payor thereof under this chapter shall collect the amount of the tax from the person making such payment.

## QUESTIONS PRESENTED

The questions presented for determination are the following:

1. Whether the computation of the twenty percent federal excise tax liability of plaintiff for the period of July, 1958, through June 30, 1962, is to be computed on the total amount which plaintiff collected from its members as membership dues, fees and other membership assessments on which the excise taxes were not paid by the members (i. e., $226,252.20), as defendant contends,

or whether, as plaintiff contends, the computation of the excise tax liability should be made only on the base amount of $188,543.50.

2. If the foregoing issue of law is decided in the defendant's favor, then is the resolution of the factual issue set forth in the pretrial order (i. e., whether some of the individual members of plaintiff assumed that their payments to plaintiff included the payment of federal excise taxes) relevant or material to the proper disposition of this case.

## THE CLAIMS OF THE PARTIES

The plaintiff claims that the federal excise tax liability under § 4241 of the Internal Revenue Code as amended [1] should be computed only on the amount that the plaintiff retained for its purposes, exclusive of the federal excise taxes, regardless of whether the excise taxes were collected, as such, by plaintiff from its members. The plaintiff further argues that since § 4291 provides that the plaintiff shall collect the excise taxes from its members that it should be conclusively presumed the payments by the members to the plaintiff of necessity included the tax imposed. As a result, the plaintiff claims that the base amount upon which its excise tax liability should be computed is $188,533.-50. This is reached by deducting the sum of $104,826.40, which represents the fees, dues and assessments upon which certain of the members paid the excise taxes due thereon directly to the Internal Revenue Service, leaving $226,252.20, which represents the base amount of membership fees and dues and other assessments upon which the defendant computed the plaintiff's excise tax liability. Plaintiff contends that the application of defendant's formula for collecting the tax results in a base which is twenty percent higher than that which should be used. Plaintiff contends that the tax should only be computed by tak-

1. The Internal Revenue Code sections which imposed the excise tax involved herein were repealed prospectively by Section 301 of the

Excise Tax Reduction Act of 1965, P.L. 89–44, 79 Stat. 136, effective January 1, 1966.

ing twenty percent from the $226,252.-20,[2] or a total of $188,543.50.

Plaintiff has further urged that at least some of the individual members assumed their payment of fees, dues and other membership assessments included the payment of federal excise taxes, and that even if defendant's formulation should be correct that it would require a further determination to reach the proper figure of tax due by eliminating therefrom the base fees and assessments of those individuals who made payment believing that the excise tax was included.

Plaintiff's argument in this case does not take into account the plain language of the statute and the obligation which the statute imposes upon the club to make collection of tax from the members. The measure of the tax is the payment of a sum by the member equivalent to twenty percent of the amount charged for the dues, fees and assessments. The situation plaintiff finds itself in is: having failed to collect the excise tax from its members during the years in question, but being responsible therefor, it is met with the obligation of payment in accordance with the base the statute has established.

It seems clear to the court that the tax is imposed on the member and is to be in an amount "equivalent to twenty percent of any amount paid as dues or membership fees." Hence, when any sums are paid as dues and membership fees, the tax must be a sum computed upon that base and represent a figure equivalent to twenty percent of the sum so paid. The club has the duty to collect it and, failing that, to pay it.

The view above set out is supported by the ruling of the court in Boots and Saddles, Inc. v. United States, 269 F. Supp. 274 (E.D.Mich.1967). In that case the taxpayer was attempted to re-

duce its tax base by twenty-five percent for amounts expended to purchase food for its members' horses. In rejecting the taxpayer's argument the court concluded (p. 276):

> The statute imposes a tax on "*any amount paid*" and does not provide for any reduction of the tax base for any reason. Since the statute provides that the whole charge should be considered dues regardless of how it is used by the club, to hold otherwise would amount to providing an exclusion which was not provided by Congress.

Further, the proposition that the tax in question is a tax upon the privilege of membership seems to have been ignored by the plaintiff in his argument. In the case of Cohen v. United States, 381 F.2d 383, 386, 180 Ct.Cl., 647 (1967), it was held:

> [T]he dues tax is an excise tax imposed not on the club, or organization itself, but on the privilege of membership, whether or not the right to use the club's facilities which flows therefrom is actually exercised.

As defendant has argued, it appears to the court, the plaintiff was mistaken in not taking the proper measures to collect and pay the tax. Nevertheless, plaintiff elected this procedure and had the option of seeking reimbursement from its members, particularly since the tax statute requires the collection by the club, and imposes it upon the privilege of membership.

The plaintiff has claimed that a ruling in favor of the defendant on the above issue would still necessitate the resolution of a factual issue with respect to whether some of the members of plaintiff felt their payments of membership fees included the excise taxes. In the court's judgment the fact that some of the members may have considered

---

2. The difference between $331,078.60 and $226,252.20, in the amount of $104,826.40, represents the membership fees, dues and other membership assessments upon which certain individual members of plaintiff paid the $10,-965.28 excise taxes due thereon, directly to the

Internal Revenue Service and the $226,252.20 represents the base amount of membership fees, dues and other membership assessments upon which defendant computed plaintiff's excise tax liability.

their payments to be inclusive, not only of the membership dues and fees but also of any taxes due thereon, cannot affect or alter the agreed-upon and stipulated fact that plaintiff did not collect any excise taxes due during the four-year period and did not pay any taxes to the defendant. The controlling factor is the amount of membership fees and dues which plaintiff collected from its members. This amount is stipulated to be $226,252.20 upon which no excise tax has been paid and on which plaintiff's federal excise tax liability, as determined above, must be computed. The court sees no relevancy or materiality to determination of the actual factual issue which the plaintiff has claimed as having importance.

In view of the foregoing determination of the court, and for the reasons stated, the court herewith denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment against the plaintiff and dismisses plaintiff's complaint with prejudice, each party to bear its own costs.